J-A35006-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| THE HUNTINGTON NATIONAL BANK, SUCCESSOR IN INTEREST TO SKY BANK, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ROCK FERRONE A/K/A ROCK A. FERRONE AND MARCIA FERRONE A/K/A MARCIA M. FERRONE A/K/A MARCIA A. FERRONE, | |
| Appellants | No. 1269 WDA 2013 |

Appeal from the Order Entered July 12, 2013
In the Court of Common Pleas of Allegheny County
Civil Division at No(s): GD13-009186

BEFORE:  BENDER, P.J.E., BOWES, J., and ALLEN, J.

MEMORANDUM BY BENDER, P.J.E.:          **FILED DECEMBER 31, 2014**

Rock Ferrone and Marcia Ferrone appeal from the order entered on July 12, 2013, denying their petition to strike or open judgment entered by confession.  We affirm.

This case involves guarantees on three commercial loans.  In April 2001, Huntingdon National Bank's predecessor, Sky Bank, entered into a loan agreement and note with K-Cor, Inc., pursuant to which the bank loaned $150,000 to K-Cor, Inc.  Appellants guaranteed the loan.  The guaranty provides for judgment by confession in the event of a default on the loan.

In April 2001, the bank and K-Cor, Inc. entered into a second loan agreement and note, pursuant to which the bank loaned an additional $144,000 to K-Cor, Inc.. Appellants guaranteed the loan. The guaranty provides for judgment by confession in the event of a default on the loan.

In April 2001, the bank and K-Cor, Inc. entered into a third loan agreement and note, pursuant to which the bank loaned an additional $50,000 to K-Cor, Inc.. Appellants guaranteed the loan. The guaranty provides for judgment by confession in the event of a default on the loan.

Following default and notice, Huntingdon National Bank (hereinafter, the Bank) initiated this action in May 2013, filing a complaint in confession of judgment. Thereafter, judgment was entered in the total amount of $365,432.08.

In June 2013, Appellants filed a petition to strike or open the judgment, comprised of a single paragraph averring that they had not voluntarily, intelligently, and knowingly given up their right to notice and a hearing prior to the entry of judgment. In July 2013, following argument, the trial court denied Appellants' petition, concluding that Appellants had failed to raise a meritorious defense to the confessed judgment. The trial court further denied Appellants' oral motion to amend its petition, concluding that the general rule permitting liberal amendment of pleadings does not apply to a petition to strike or open. Appellants filed a motion for reconsideration, attaching to it proposed amendments to their petition. The

trial court denied the motion for reconsideration. Appellants timely appealed and filed a court-ordered Pa.R.A.P. 1925(b) statement. The trial court submitted a responsive opinion, addressing both the defect in Appellants' initial petition as well as the substantive merit of Appellants' proposed amendments.

Appellants raise the following issues on appeal:

[1.] Whether or not the [trial] [c]ourt abused its discretion in failing to grant the motion for amendment of a petition, when good and cognizable defenses are presented at the time of the presentment of the petition and request for amendment and incorporation of allegations at related cases?

[2.] Whether or not the [trial] [c]ourt abused its discretion in failing to grant reconsideration of the denial of the motion for amendment of a petition?

Appellants' Brief at "vi."

We affirm the order of the trial court based upon our reasoning in ***The Huntington National Bank v. K-Cor, Inc.***, --- A.3d --- (Pa. Super. 2014) (1265 WDA 2013).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/31/2014